Matter of Keitt v Martuscello

2026 NY Slip Op 02188

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Devin Keitt, Petitioner,

v

Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Decided and Entered:April 9, 2026

CV-25-1322

Calendar Date: March 20, 2026

Before: Pritzker, J.P., Ceresia, Mcshan, Mackey And Corcoran, JJ.

Devin Keitt, Dannemora, petitioner pro se.

Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

[*1]

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an incarcerated individual, was charged in two misbehavior reports with violating several prison disciplinary rules in the wake of an incident in which he, among other things, purportedly refused orders to return to his unit and attacked the correction sergeant who gave them. Following a combined tier III disciplinary hearing at which the charges in one of the reports were dismissed, the Hearing Officer found petitioner guilty of assaulting staff and refusing a direct order. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.FN1

We confirm. Petitioner asserts that he received inadequate employee assistance. The record reflects, however, that petitioner did not request any witnesses and that the Hearing Officer provided him with copies of much of the documentation he had requested and adjourned the hearing to permit him time to review it, read the remaining documentation aloud to him, and displayed the relevant photographic and video evidence during the hearing. Petitioner further fails to articulate how his defense was prejudiced by the purported flaws in assistance and, indeed, he acknowledged at the end of the hearing that he had no additional documentary evidence or testimony he wished to present. As such, we are satisfied that any deficiencies in employee assistance were remedied by the Hearing Officer (see Matter of Breazil v Griffin, 175 AD3d 1697, 1698 [3d Dept 2019]; Matter of Lopez v Annucci, 171 AD3d 1326, 1327-1328 [3d Dept 2019]). To the extent that they are not addressed by the foregoing, petitioner's remaining arguments have been examined and found to lack merit.

Pritzker, J.P., Ceresia, McShan, Mackey and Corcoran, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Although this proceeding was properly transferred to this Court since petitioner raised an issue of substantial evidence in the petition, he has abandoned that issue by not addressing it in his brief (seeMatter of Ortiz v Annucci, 214 AD3d 1271, 1272 n [3d Dept 2023]; Matter of Davison v Annucci, 169 AD3d 1318, 1318 n [3d Dept 2019]).